Dear Mr. Seek:
This letter is in response to your questions asking:
 Under Sections 50.370 and 50.480, RSMo, when is the Sheriff required to pay over to the Treasurer or other official and report the following types of moneys collected by his office?
a. Prosecuting Attorney Training Fund
b. Law Officers Training Fund
c. Process Servers Fees
d. Fines
e. Prosecuting Attorney's Fees
We believe it is necessary to examine statutes other than those to which you have referred us in answering your question, therefore:
A. With regard to prosecuting attorney training fees, the relevant statute is Section 56.765.2, RSMo Supp. 1982:
 Fifty cents of every dollar collected under the provisions of subsection 1 of this section shall be at least monthly paid by the clerk of the court wherein the costs are collected to the county treasurer who shall credit the same to the "Prosecuting Attorneys Training Fund", which is hereby established. . . . [Emphasis added.]
The plain language of the statute provides that the clerk of the court is to pay any fees collected under this section to the county treasurer. Although we find no legal authority for the sheriff to have monies due the Prosecuting Attorney Training Fund, should the sheriff have any of these funds, we believe he should turn them over promptly to the clerk of the court for appropriate monthly distribution.
B. With regard to the law officers' training fund, Section590.140.1, RSMo 1978, is relevant. Such section provides in pertinent part:
 Such fees shall be collected by the official of each respective court responsible for collecting court costs and fines and shall be transmitted monthly to the treasurer of the county where the violation occurred in the case of violations of the general criminal laws of the state or county ordinances and to the treasurer of the municipality where the violation occurred in the case of violations of municipal ordinances.
It is our opinion that the official collecting these funds must pay them over monthly to the appropriate treasurer.
C. We assume your third question refers to process servers fees, under Section 57.280, RSMo Supp. 1982. Such section provides in pertinent part:
 The sheriff upon the collection of the fees herein provided for shall pay into the treasury of the county any and all fees collected under the provisions of this section. [Emphasis added.]
Such fees must be paid to the county treasury upon collection.
D. With regard to fines, Section 57.130, RSMo 1978, provides:
 The sheriffs of the several counties shall collect and account for all the fines, penalties, forfeitures and other sums of money, by whatever name designated, accruing to the state or any county by virtue of any order, judgment or decree of a court of record, provided that by court rule provision may be made for a court clerk to collect fines, penalties, forfeitures and other sums of money accruing to the state by virtue of any order, judgment or decree of the court.
Our research reveals no statute stating when the officer collecting these funds must disburse them. You have suggested that Section 50.480, RSMo 1978, applies. Section 50.480 cannot be read apart from Sections 50.470, 50.490 and 50.500, RSMo 1978. We note that Section 50.470 provides that the collecting officer shall list "the name of the person entitled thereto." Section50.480 describes the officer's duty to pay over to the treasurer "all fees in their hands belonging to others." [Emphasis added.] Section 50.490 requires the treasurer to pay out such fees "to the proper owners as the same may be called for or demanded." [Emphasis added.] Finally, Section 50.500 obligates the treasurer to turn over such fees to the general revenue fund of the county if, after one year, the fees are "uncalled for or demanded by the proper owner or legally authorized agent."
When these sections are read together, they establish a definitive procedure for the handling of fees collected from the time of their collection until ultimate disbursement. It is not necessary to determine the fees to which these sections apply herein, since, in our view, Sections 50.470 to 50.500 are not applicable to fines collected by sheriffs. As you are no doubt aware, fines collected for a breach of the penal laws of the state are payable to school districts pursuant to Article IX, Section 7, Missouri Constitution. Such monies may not be "called for or demanded", nor may they be paid over into the county general revenue fund if not called for or demanded.
As a public trustee, we believe that the sheriff collecting such fines should act with reasonable prudence. We recommend and believe the law intends that collected fines be promptly paid over to the county treasury.
E. Finally, with regard to prosecuting attorney's fees, Section 56.340, RSMo 1978, provides in pertinent part:
 The prosecuting attorney, in counties of the second, third and fourth classes, shall charge upon behalf of the county every fee that accrues in his office and receive the same, and at the end of each month, pay over to the county treasury all moneys collected by him as fees, . . . [Emphasis added.]
We believe that the prosecuting attorney is responsible for the collection and monthly payment of these fees to the county treasury. Should the sheriff have any of these fees, he should promptly pay them to the prosecuting attorney.
Very truly yours,
 JOHN ASHCROFT Attorney General